# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No._____ |
| v. | ) |
| JOHN DOE infringer using IP address 24.206.100.47, | ) |
| Defendant. | ) |

## MALIBU MEDIA, LLC ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Malibu Media, LLC, files this Original Complaint and sues Defendant John Doe using IP address 24.206.100.47, and alleges:

### Introduction

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2. Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant used the IP address as set forth on Exhibit A to illegally distribute each of the copyrighted movies set forth on Exhibit B.

3. Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit").

### Jurisdiction And Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

5. Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

6. Based upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

**Parties**

8. Plaintiff, Malibu Media, LLC, (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 30700 Russell Ranch Road, Suite 250, Westlake Village, CA 91362.

9. Plaintiff only knows Defendant by the IP Address he or she used to commit the complained of infringement (the "Subject IP Address"). The Subject IP Address is set forth on Exhibit A.

10. The Internet Service Provider can identify the account holder of the Subject IP Address, an individual who may be the complained of infringer, or who may reasonably have

information calculated to lead to the discovery of the Defendant.

## Factual Background

  I. *Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

  11. The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, digital movie files.

  12. BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

  13. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces among each other instead of attempting to distribute a much larger digital file.

  14. After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized.

  15. Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

  16. The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing.

  17. The entirety of the digital media file also has a unique cryptographic hash value

3

ORIGINAL COMPLAINT

("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

18. Plaintiff's consulting expert, IPP International UG ("IPP") established a direct TCP/IP connection with the Defendant who was using the Subject IP Address as set forth on Exhibit A.

19. IPP downloaded from Defendant one or more pieces of each of the digital media files, as identified by the file hashes listed on Exhibit A.

20. Each digital media file as identified by the file hash listed on Exhibit A correlates to a copyrighted film owned by Plaintiff, as set forth on Exhibit B.

21. A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched what is listed on Exhibit A. At no point was Plaintiff's copyrighted content uploaded to any other BitTorrent user.

22. Each digital media file as identified by the file hash listed on Exhibit A has been verified to be a copy that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original work.

23. Plaintiff owns the copyrights to the original works (the "Copyrights-in-Suit"). An overview of the Copyrights-in-Suit, including each hit date, date of first publication, effective date of registration as assigned by the United States Copyright Office, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

24. Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibit A.

ORIGINAL COMPLAINT

25. IPP connected, over a course of time, with Defendant who was using the Subject IP Address for each digital media file identified by the hash value as listed on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant using the Subject IP Address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes.

26. Plaintiff's evidence establishes that Defendant is a habitual and persistent BitTorrent user and copyright infringer.

### Miscellaneous

27. All conditions precedent to bringing this action have occurred or been waived.

28. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for their services.

### COUNT I
### Direct Infringement Against Defendant

29. The allegations contained in paragraphs 1-28 are hereby re-alleged as if fully set forth herein.

30. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

31. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

32. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

33. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A)  Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publicly" perform); and

(D)     Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

34.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(B)     Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

(C)     Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

(D)     Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504 (a) and (c);

(E)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. §

505;

    (F)    Award Plaintiff pre-judgment and post-judgment interest at the maximum legal rate; and

    (G)    Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Paul S. Beik
Paul S. Beik
Texas Bar No. 24054444
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

7

ORIGINAL COMPLAINT